**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 7, 2012[*]
Decided November 7, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 12-1030

| | |
|---|---|
| LOVET NGALE EFFANGE, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A099 869 753 |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent*. | |

**O R D E R**

Lovet Ngale Effange, a native of Cameroon, petitions for review of an order by the Board of Immigration Appeals upholding the immigration judge's denial of his applications for asylum and withholding of removal. Because substantial evidence supports the Board's decision, we deny the petition.

Effange came to the United States as a nonimmigrant visitor in 2006, overstayed,

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the petition for review is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

and within a year applied for asylum and withholding of removal. At a hearing before an immigration judge, he claimed that members of Cameroon's military police had detained and beaten him on several occasions between 1997 and 2005 because of his activities with the Southern Cameroons National Council, a secessionist group. The Council advocates independence for two western provinces in Cameroon, which are largely inhabited by anglophones, and accordingly is outlawed by the francophone-dominated government. To corroborate his testimony, Effange submitted medical records showing that he was treated for cuts and bruises after his most recent detention in 2005, letters and affidavits from people who were aware of his activities with the Council, his Council membership card, and an affidavit explaining how Council membership cards are produced. Also at the hearing, the government offered testimony from a forensic examiner, who opined that Effange's membership card was "highly suspect" because it had been produced on an inkjet printer using computer-generated images and the serial number duplicated one she had seen on another card.

The immigration judge denied Effange's applications. The judge concluded that Effange's testimony was incredible because it conflicted with medical records and affidavits he had provided about the timing, length, and circumstances of his most recent detention. The judge also accepted the forensic examiner's opinion that Effange's membership card was suspect. Having found Effange not credible, the judge concluded that he could not prove his eligibility for asylum, let alone the more stringent showing required for withholding of removal.

The Board upheld the immigration judge's decision. The immigration judge's credibility determination was not clearly erroneous, the Board explained, because the inconsistencies about Effange's latest detention were "significant." The Board also upheld the immigration judge's determination that the membership card was not genuine, relying on the conflict between evidence Effange had provided stating that genuine membership cards are printed on a printing press and individually signed and the forensic examiner's testimony that Effange's card had been printed from computer-generated images on an inkjet printer.

Effange first challenges the Board's conclusion that his testimony was incredible. He contends that the inconsistencies in his testimony and documentary evidence were too trivial to impugn his credibility. He points in particular to discrepancies about the length of his latest detention.

A credibility determination may not be based on trivial inconsistencies. 8 U.S.C. § 1158(b)(1)(B)(iii); *Hassan v. Holder*, 571 F.3d 631, 637 (7th Cir. 2009); *Kadia v. Gonzales*, 501 F.3d 817, 821–22 (7th Cir. 2007); *Shrestha v. Holder*, 590 F.3d 1034, 1043–44 (9th Cir. 2010). We

will uphold a credibility determination even if the Board relied on some trivial inconsistencies if the balance of the Board's reasoning supports the determination. *See Musollari v. Mukasey*, 545 F.3d 505, 510 (7th Cir. 2008); *Huang v. Gonzales*, 453 F.3d 942, 945 (7th Cir. 2006).

The Board relied on one trivial inconsistency but the credibility determination is otherwise supported by substantial evidence. (That trivial inconsistency is a slip of the tongue Effange made about the dates for one of his earlier detentions, which he promptly and consistently corrected). Effange's testimony about his most recent detention conflicted with the evidence he submitted in several respects. For example, he testified that he had been detained for two days and then was forced to escape from prison to a hospital to be treated for a fever he had developed while detained, but affidavits that he submitted said that he had been detained for two weeks and escaped from a hospital rather than a prison. Given the substantial deference we accord Board decisions, we cannot say that the Board erred by upholding the immigration judge's credibility determination based on these inconsistencies. *See Abraham v. Holder*, 647 F.3d 626, 633 (7th Cir. 2011); *Krishnapillai v. Holder*, 563 F.3d 606, 616–17 (7th Cir. 2009); *Tarraf v. Gonzales*, 495 F.3d 525, 533 (7th Cir. 2007).

Effange next challenges the Board's conclusion that his membership card was not genuine. First he argues that the forensic examiner's testimony upon which the Board relied was speculative in that she opined about how the Council produces its membership cards without actually having any knowledge on the subject. He also questions the Board's reliance on her testimony that she had seen another membership card bearing the same serial number because he never had an opportunity to examine the other card.

Effange's argument misapprehends the examiner's testimony. She did not testify about what a genuine card should look like, an opinion that would have been improper because she did not have a genuine card to examine; she testified only about how Effange's card was produced, an opinion that was proper because she had examined his card. *Pasha v. Gonzales*, 433 F.3d 530, 535 (7th Cir. 2005); *see Galicia v. Gonzales*, 422 F.3d 529, 539 (7th Cir. 2005); *Niam v. Ashcroft*, 354 F.3d 652, 660 (7th Cir. 2004). Based on her testimony as well as the evidence Effange himself presented about the production of membership cards, the Board could reasonably conclude that Effange's card was not made the same way that a genuine card is made. With respect to the other membership card bearing the identical serial number, Effange should have had an opportunity to examine the card, *see* 8 U.S.C. 1229a(b)(4)(B); *Tadesse v. Gonzalez*, 492 F.3d 905, 909 (7th Cir. 2007); *Santosa v. Mukasey*, 528 F.3d 88, 93–94 (1st Cir. 2008), but he has not shown that he was prejudiced as a result, *see Hussain v. Keisler*, 505 F.3d 779, 781 (7th Cir. 2007), especially in light of the substantial evidence casting doubt on the authenticity of his card.

Last, Effange argues that the Board should have deemed unreasonable the immigration judge's demand for corroboration—an affidavit from a particular official who had firsthand knowledge about some of his detentions and been instrumental to his flight from Cameroon. But under the REAL ID Act, the immigration judge has significant discretion to demand corroboration of an alien's testimony, 8 U.S.C. § 1158(b)(1)(B)(ii); *Abraham*, 647 F.3d at 633; *Raghunathan v. Holder*, 604 F.3d 371, 380–81 (7th Cir. 2010); *Khan v. Mukasey*, 541 F.3d 55, 58 (1st Cir. 2008), particularly where, as here, existing corroborating evidence is not based on personal knowledge, conflicts with the alien's testimony, or does not corroborate critical parts of the alien's testimony. *Liu v. Holder*, 692 F.3d 848, *12–13 (7th Cir. 2012); *Krishnapillai v. Holder*, 563 F.3d at 619; *Abraham*, 647 F.3d at 633. Effange may have provided corroboration, but very little of it was based on firsthand knowledge and much of it conflicted with his testimony. The immigration judge acted within his discretion by expecting Effange to provide corroboration from the Council official who could give a firsthand account of Effange's experience in Cameroon.

The petition for review is **DENIED**.